MIKE GEORGE, *alias* MIKE KOUCHOUCOS V. THE STATE.

No. 21293. Delivered December 4, 1940.

The opinion states the case.

*Jack H. Shields,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by complaint and information with operating a motor vehicle upon a public highway in Jefferson County "which had not been registered as required by law," and in a verdict of guilty, he was assessed a fine of $10.00.

The complaint upon which this prosecution is based is as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

"I, ———— do solemnly swear that I believe and have good reasons to believe that on or about the 22nd day of March, A. D. 1940, One Thousand Nine Hundred and Forty and before the making and filing of this affidavit, in the County of Jefferson and State of Texas Mike George alias Mike Kouchoucos did then and there unlawfully operate, upon a public highway of the State of Texas, in Jefferson County, Texas, towit, upon Highway No. 90, in said County, a motor vehicle, towit, an automobile, which had not been registered as required by law, against the peace and dignity of the State.

"H. C. Blades, Affiant

"Sworn to and subscribed by ———— a creditable person, before me, on this 12th day of April, A. D., One Thousand Nine Hundred and Forty.

"John P. Blair, Assistant County
Attorney of Jefferson County,
Texas."

It is our opinion that the above allegation is not sufficient to apprise appellant in what way he had failed to follow the requirements of the law relative to the registration of the automobile that he was operating on such highway. There is more than one article of the statute governing the proper registration of motor vehicles, and the complaint as herein presented might include a violation of any one of such articles as a basis of this prosecution. Appellant is entitled to have the complaint apprise him in no uncertain terms of the specific requirement of the law that he had failed to comply with, and if necessary, prepare a defense, if possible or desired. See Branch's Penal Code, p. 255. We note that this complaint practically copies the statute, Art. 804, P. C., under which this prosecution is based; but we have often held that sometimes it is not sufficient to merely copy the statute in the charging portion of a complaint or indictment. Again Mr. Branch says, p. 255:

"It is not always sufficient to follow the language of the statute. There are cases that require greater particularity, either from the obvious intention of the Legislature or from the application of known principles of law," citing many authorities.

It is patent from the evidence that the pleader who drew the complaint intended to charge appellant with not having registered his automobile for the current year in the county of his residence, as was required by the statute, and we think appellant

was entitled to have the complaint state such allegations not in such general terms as to refer to all the statute governing the registration of motor vehicles, but in the specific instance that was intended wherein he violated such law.

Thus believing, on account of the defect in the complaint the judgment is reversed and the prosecution ordered dismissed.